Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice*
Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice*
Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice*
Kevin Paule, Esq. #125276 – Admitted *Pro Hac Vice*
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
T: (305) 358-6363
F: (305) 358-1221
mbudwick@melandbudwick.com
sgenet@melandbudwick.com
gbenezra@melandbudwick.com
kpaule@melandbudwick.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>DOUBLE JUMP, INC.<br><br>Debtor.<br><br>Affects:<br>☒ DC Solar Solutions, Inc.<br>☒ DC Solar Distribution, Inc.<br>☒ DC Solar Freedom, Inc.<br>☒ Double Jump, Inc. | Lead Case No.: BK-19-50102-gs<br>(Chapter 7)<br><br>Substantially Consolidated with:<br><br>\| 19-50130-gs \| DC Solar Solutions, Inc. \|<br>\| 19-50131-gs \| DC Solar Distribution, Inc. \|<br>\| 19-50135-gs \| DC Solar Freedom, Inc. \| |
| CHRISTINA W. LOVATO,<br><br>Plaintiff,<br><br>v.<br><br>KING SOLARMAN, INC., CHIANG LIAN CUNG a/k/a MICHAEL CUNG, KING SOLARMAN (INDION) FUND I, LLC, and KING SOLARMAN (INDION) FUND II, LLC,<br><br>Defendants. | Adversary No.: 21-05028-gs<br><br>**TRUSTEE'S SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS ADVERSARY COMPLAINT [ECF No. 7] FILED BY KING SOLARMAN, INC., KING SOLARMAN (INDION) FUND I, LLC AND KING SOLARMAN (INDION) FUND II, LLC**<br><br>**Hearing Date:** April 29, 2021<br>**Hearing Time:** 9:30 a.m. |

1

For the first time, in their Reply, the Moving Defendants[1] argue that the Ponzi presumption does not apply to "transfers made to legitimate third parties (i.e. non-investors in the scheme itself) outside of the Ponzi scheme," because such transfers were purportedly not made "in furtherance of" the Ponzi scheme.[2] The Trustee files this brief sur-reply to address the Moving Defendants' new argument.

<u>First</u>, the Trustee explicitly alleges in her Complaint that the Transfers were made "in furtherance of or related to the Carpoff Ponzi Scheme,"[3] including because the Transfers were made to the Moving Defendants as part of a scheme whereby Cung would launder money to Jeff Carpoff.

> "[T]he 'in furtherance of' element does not pose a difficult hurdle once a Ponzi scheme is established. This is because, by its very nature, Ponzi schemes are destined to collapse. <u>Thus, unless the transfers are wholly apart from the Ponzi scheme, the transfer will in all likelihood contribute to the scheme in some fashion</u>."[4]

<u>Second</u>, the Ponzi presumption is not limited to transfers to Ponzi-investors. "Surely transfers that enable a Ponzi scheme operator to profit from her own Ponzi scheme, and thereby perpetuate such a scheme, are 'in furtherance of' a Ponzi scheme."[5] Indeed, in *Int'l Mfg*, the California bankruptcy court explicitly found that the Ponzi presumption applies (and the transfer was "in furtherance of" the Ponzi scheme) to a transfer to a business counterparty of the debtor which was <u>not</u> an investor in the scheme, rejecting the same argument made by the Moving Defendants.[6] Indeed, one of the cases cited by the Moving Defendants—*In re ATM Financial*

---

[1] Defined terms shall have the same meaning as in the Trustee's Response in Opposition to Motion to Dismiss [ECF No. 22].
[2] Reply at pp. 3-4.
[3] Compl. at ¶¶ 16-20, 32, 35.
[4] *Bash v. Textron Fin. Corp.*, 524 B.R. 745, 758 (N.D. Ohio 2015) (emphasis added).
[5] *Schneider v. Barnard*, 508 B.R. 533, 545 (E.D.N.Y. 2014).
[6] *In re Int'l Mfg. Grp., Inc.*, 538 B.R. 22, 29 (Bankr. E.D. Cal. 2015) (explaining that a transfer is

*Servs., LLC*—acknowledged that transfers to a car dealership so that insiders would profit might be a transfer made in furtherance of that Ponzi scheme.[7] It is axiomatic that the Carpoffs' primary goal in committing his crimes and perpetrating a Ponzi scheme for so many years – and expose himself to a lengthy prison sentence -- was to benefit himself and his family financially. And that was the purpose of the Transfers.

Third, the relevant standard is whether the Transfers were made in furtherance of *or related to* the Carpoff Ponzi Scheme, which is in accord with the decisional law cited above.[8] However, regardless of the standard, the Trustee has satisfied her burden at this early stage by alleging that the Transfers were made to the Moving Defendants as part of a scheme to enrich Jeff Carpoff, individually, and were in furtherance of or related to the Carpoff Ponzi Scheme.

For these reasons and those set forth in the Trustee's Response, the Trustee has met her pleading burden.

---

in furtherance of a Ponzi scheme when … including payment of a debt to conceal the scheme.); *see also In re C.F. Foods, L.P.*, 2870 B.R. 103, 111 (Bankr. E.D. Pa. 2002) (holding that transfers to a charity were "in furtherance of" Ponzi scheme because debtor did not receive value, transfers were made to impress investors, and transfers were made with knowledge that future investors would not be paid); *In re World Vision Entm't*, 275 B.R. 641, 656 (Bankr. M.D. Fla. 2002) ("A Ponzi scheme is by definition fraudulent. By extension, any acts taken in furtherance of the Ponzi scheme, such as paying brokers commissions, are also fraudulent. Every payment made by the debtor to keep the scheme on-going was made with the actual intent to hinder, delay, or defraud creditors, primarily the new investors.")

[7] 2011 WL 2580763, at *5 (M.D. Fla. June 24, 2011) (court declining to grant summary judgment for trustee at stage of proceeding).

[8] *In re DBSI, Inc.*, 476 B.R. 413, 422 (Bankr. D. Del. 2012) ("In sum, the plaintiff must plead that the debtor was engaged in a Ponzi scheme and that the transfers at issue were related to or in furtherance of the fraudulent scheme."); *see also In re Agape World, Inc.*, 467 B.R. 556, 570 (Bankr. E.D.N.Y. 2012) ("The sole exception to the Ponzi scheme presumption is where the transfers at issue are so unrelated to the Ponzi scheme that the transfers do not serve to further the Ponzi scheme.").

1     **WHEREFORE**, the Trustee prays for and demands order as follows:

2     (1) Denying the Moving Defendants' motion to dismiss.

3     (2) Alternatively, granting the Trustee leave to amend her Complaint.

    In addition, the Trustee requests from the Court any such other and further relief, equitable or otherwise, that this Court deems just and proper.

    DATED: April 27, 2021.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq., Attorney for Plaintiff
Christina W. Lovato

**MELAND BUDWICK, P.A.**

*/s/ Michael S. Budwick*
Michael S. Budwick, Esq., Admitted Pro Hac Vice
Solomon B. Genet, Esq., Admitted Pro Hac Vice
Gil Ben-Ezra, Esq., Admitted Pro Hac Vice
Kevin Paule, Esq., Admitted Pro Hac Vice
Attorneys for Plaintiff Christina W. Lovato

4

**CERTIFICATE OF SERVICE**

I hereby that on April 27, 2021, I caused to be served for following document (s):

**TRUSTEE'S SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS ADVERSARY COMPLAINT [ECF No. 7] FILED BY KING SOLARMAN, INC., KING SOLARMAN (INDION) FUND I, LLC AND KING SOLARMAN (INDION) FUND II, LLC**

I caused to be served the above-named document (s) as indicated below:

✔ a. Via ECF to:

- **MICHAEL S BUDWICK**   mbudwick@melandbudwick.com, ltannenbaum@melandbudwick.com; mrbnefs@yahoo.com; ltannenbaum@ecf.courtdrive.com; ltannenbaum@ecf.courtdrive.com

- **CHRISTOPHER PATRICK BURKE**   attycburke@charter.net

- **JEFFREY L HARTMAN**   notices@bankruptcyreno.com abg@bankruptcyreno.com

- **ALEXANDER J. LEWICKI**   alewicki@diemerwei.com

- **CHRISTINA W. LOVATO**   trusteelovato@att.net NV26@ecfcbis.com

- **KEVIN C. PAULE**   kpaule@melandbudwick.com ltannenbaum@melandbudwick.com mrbnefs@yahoo.com ltannenbaum@ecf.courtdrive.com

✔ b. Via United States Mail to:

**KATHRYN S. DIEMER**
55 S MARKET STREET, SUITE 1420
SAN JOSE, CA 95113

✔ c. Via Email upon Michael B. Nishiyama, Esq., mikenishiyamaSF@gmail.com.

DATED: April 27, 2021.            */s/ Michael Budwick, Esq.*
                                   Michael S. Budwick, Esq.