| | |
|---|---|
| Jeffrey L. Hartman, Esq. | Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice* |
| Nevada Bar No. 1607 | Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice* |
| **HARTMAN & HARTMAN** | Meaghan E. Murphy, Esq. #102770 – Admitted *Pro Hac Vice* |
| 510 W. Plumb Lane, Suite B | Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice* |
| Reno, NV 89509 | Alexander E. Brody, Esq. # 1025332 – Admitted *Pro Hac Vice* |
| T: (775) 324-2800 | **MELAND BUDWICK, P.A.** |
| F: (775) 324-1818 | 3200 Southeast Financial Center |
| notices@bankruptcyreno.com | 200 South Biscayne Boulevard |
| | Miami, Florida 33131 |
| | T: (305) 358-6363 |
| | F: (305) 358-1221 |
| | mbudwick@melandbudwick.com |
| | sgenet@melandbudwick.com |
| | mmurphy@melandbudwick.com |
| | gbenezra@melandbudwick.cm |
| | abrody@melandbudwick.com |

*Attorneys for Christina W. Lovato, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>DOUBLE JUMP, INC.<br><br>Debtor. | Lead Case No.: BK-19-50102-gs<br>(Chapter 7)<br><br>Substantively consolidated with:<br><br>{{TABLE}} |
| CHRISTINA W. LOVATO,<br><br>Plaintiff,<br><br>v.<br><br>KING SOLARMAN, INC., CHIANG LIAN CUNG a/k/a MICHAEL CUNG, KING SOLARMAN (INDION) FUND I, LLC, AND KING SOLARMAN (INDION) FUND II, LLC,<br><br>Defendants. | Adversary No.: 21-05028-gs<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF DOCUMENTS**<br><br>**Hearing Date:   N/A**<br>**Hearing Time:   N/A** |

| | |
|---|---|
| 19-50130-gs | DC Solar Solutions, Inc. |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

This Stipulation ("***Stipulation***") is entered into by and between Meaghan E. Murphy of Meland Budwick, P.A. on behalf of Christina W. Lovato, Trustee ("***Trustee***") and Kathryn S. Diemer of Diemer & Wei, LLP on behalf of Defendant King Solarman, Inc. ("***King Solarman***") ("***Defendant***") (the Defendant and the Trustee are collectively the "***Parties***") in the above-

1

Case 21-05028-gs    Doc 121    Entered 10/28/22 09:09:29    Page 2 of 7

captioned adversary proceeding ("*Adversary*"). The Bankruptcy Court order approving the Stipulation (the "*Protective Order*") shall be deemed effective on the date it is entered by the clerk of the Court (the "*Effective Date*").

    A. The Trustee is the duly appointed and acting chapter 7 trustee with respect to the non-real estate assets of the above-captioned debtors in chapter 7 bankruptcy cases (collectively, the "*Debtors*").

    B. On August 5, 2022, the Trustee served the Defendant with the Trustee's First Requests for Production ("*RFP*").

    C. The RFP set forth document requests ("*Discovery Requests*"), which seek the production of certain documents from the Defendant ("*Documents*").

    D. The Defendant in good faith believes that some of the Documents not already produced to the Trustee by the Defendant are (i) confidential, sensitive or potentially invasive of individual or corporate privacy interests; (ii) not generally known; and (iii) not normally revealed to the public or third parties, or if disclosed to third parties, would require such third parties to maintain the information in confidence. The Defendant will mark all such Documents with the word "CONFIDENTIAL" (collectively, the "*Confidential Documents*").

    E. The Defendant is willing to provide the Trustee with the non-privileged Confidential Documents that are responsive to the RFP, but only on condition that the Trustee shall strictly comply with the terms of this Stipulation and the Protective Order.

Based upon the foregoing, it is hereby agreed (and, upon entry of the Protective Order, it is hereby ordered) as follows:

1.     Production of Documents. By November 4, 2022, the Defendant will comply with the Discovery Requests and RFP and produce documents described therein in accordance with the terms of this Stipulation and Protective Order. All of the Confidential Documents shall be designated as protected and confidential.

2.     Maintenance of Confidentiality. In accordance with the terms of this Stipulation, counsel for the Trustee shall hold confidential and shall not disclose, distribute, transmit or

divulge (i) the Confidential Documents and (ii) all of the information contained in the Confidential Documents whether such information summarizes the contents of the Confidential Documents or is abstracted from the Confidential Documents.

3. <u>Effort to Make Public Information from Confidential Documents</u>. If counsel for the Trustee does not believe the Confidential Documents, or information from any of the Confidential Documents, has been properly designated as "CONFIDENTIAL" or seeks to make public any information from any of the Confidential Documents, before disclosing and making public any such information, counsel shall, by electronic mail, notify counsel for the Defendant and provide the scope of the proposed disclosure (the "***Requested Disclosure***").

4. Counsel for the Defendant shall have no less than five (5) business days within which to seek an order, which it shall do in all respects promptly, from the Court extending protection with respect to the information at issue. If such an order is entered, then the Trustee shall comply with the terms of such order. If the Defendant does not seek an order from the Court within the time allowed, or if the Defendant seeks an order from the Court and relief is denied, then the Trustee may disclose and make public the information to the extent described in the Requested Disclosure. Nothing in this Stipulation limits the filing parties' obligations to comply with Federal laws regarding filing of financial information.

5. <u>Scope of Protections</u>. The protections conferred by this Stipulation and the Protective Order cover not only the Confidential Documents, but also (i) any information copied or extracted from Confidential Documents; (ii) all copies, excerpts, summaries or compilations of Confidential Documents; and (iii) any testimony, conversations or presentations by the Parties or their counsel that might reveal the information in the Confidential Documents.

6. However, the protections conferred by this Protective Order do not cover documents or information that are: (a) in the public domain at the time of disclosure to the Trustee or which becomes part of the public domain after its disclosure to the Trustee as a result of publication not involving a violation of this Protective Order or Federal law, including becoming part of the public record through trial or otherwise; and (b) known to the Trustee prior to the disclosure or obtained by the Trustee after the disclosure from a source who obtained the

information lawfully and under no obligation of confidentiality to the Defendant. Any use of Confidential Documents at trial shall be governed by a separate agreement or order.

7. <u>Maintenance of Confidential Documents</u>.  The Trustee may disclose the Confidential Documents only under the conditions described in this Protective Order. All Confidential Documents must be stored and maintained by the Trustee at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. Unless otherwise ordered by the Court or permitted by the Defendant, the Trustee may disclose and entrust any information from the Confidential Documents only to the following individuals, each of whom shall be bound to the terms in this Stipulation and Protective Order: (a) the Trustee and her staff; and (b) professionals for the Trustee.

8. <u>Inadvertent Failure to Properly Designate Documents as Confidential</u>. Inadvertent production of any Document or information without a designation of "Confidential" will not be deemed to waive the Defendant's claim to its confidential nature or stop the Defendant from  designating said Document or information as confidential at a later date, as long as the Defendant acts promptly (including, by communicating with the Trustee) from its discovery of the inadvertent disclosure. Disclosure of said Document or information  by the Trustee prior to such later designation shall not be deemed a violation of the provisions of this Stipulation or the Protective Order.

9. <u>Disclosure of Privileged Documents, "Clawback" Procedure</u>.  This Stipulation and Protective Order invokes the protections afforded by Federal Rule of Evidence 502(d). If the Defendant produces (or discloses) to the Trustee any Documents or information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product and immunities created by federal or state statute or regulation), such production (or disclosure) shall not be deemed a waiver in whole or in part of the Defendant's claim of privilege or immunity from discovery, either as to specific Documents and information produced (or disclosed) or on the same or related subject matter, either in this case or in any other action, investigation or proceeding. In the event that the Defendant produces or discloses Documents, ESI, or other materials subject to a claim of privilege or immunity, the Defendant

shall notify the Trustee in writing of the production (or disclosure) of materials protected by any privilege or immunity. From the moment that the Defendant provides notice of production (or disclosure) of materials protected by any privilege or immunity, the Trustee shall not copy, distribute or otherwise use in any manner the disclosed Documents or information and shall promptly instruct all persons to whom the Trustee has disseminated a copy of the Documents or information that the Documents or information are subject to this Stipulation and Protective Order and may not be copied, distributed or otherwise used pending further notice from the Court. The Defendant may, in the notice, request a "clawback" of the produced or disclosed material. The Trustee shall promptly and diligently act to retrieve the produced or disclosed Documents, and all copies, including any loaded to databases, and within five (5) business days return them to the Defendant or destroy them or render them inaccessible as agreed between the Parties. All notes or other work product of the Trustee reflecting the contents of such materials shall be identically treated and not used. Nothing in this Stipulation and Protective Order overrides any ethical responsibilities, to the extent of applicable law, of the Trustee and her professionals to refrain from examining or disclosing materials that they know or reasonably should know to be privileged and to inform the Defendant that such privileged material has been produced or disclosed.

10.   Response to Later RFP.  If the Trustee is served with a RFP, discovery request or court order for disclosure of any information from the Confidential Documents, the Trustee must: (a) within ten (10) calendar days after receiving such RFP, discovery request or court order notify the Defendant in writing that some of the material sought is subject to this Protective Order; and (b) cooperate with respect to all reasonable procedures sought to be pursued by the Defendant with respect to any disclosure or protection of the Documents and information sought.

11.   Termination of Obligation to Preserve Confidentiality.   The confidentiality obligations imposed by this Protective Order shall remain in effect until the Defendant agrees otherwise in writing or a Court order otherwise directs. All Confidential Documents and materials produced pursuant to this Protective Order shall be "***Rendered Inaccessible***," which means either (i) destroyed, (ii) returned to the Defendant in a manner in which counsel will be

5

able to reasonably verify that all Documents were returned, or (iii) rendered inaccessible through security features that prohibit reviewing any of the information contained within the Confidential Documents. All Parties agree to ensure that all Confidential Documents, information or materials that were disclosed to others shall be Rendered Inaccessible. The Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

12. This Stipulation is signed and entered into as of the Stipulation Date.

| DATED: October 28, 2022. | DATED: October 28, 2022. |
|---|---|
| **MELAND BUDWICK, P.A.** | **DIEMER & WEI, LLP** |
| */s/ Meaghan E. Murphy* | */s/Kathryn S. Diemer* |
| Meaghan E. Murphy, Esq. | Kathryn S. Diemer, Esq. |
| Attorneys for Plaintiff Christina W. Lovato | Attorney for Defendant King Solarman, Inc. |

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2022, I caused to be served the following document(s):

**STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF DOCUMENTS**

I caused to be served the above-named document(s) as indicated below:

✔ a.  Via Electronic Mail to:

CHRISOPHER PATRICK BURKE attycburke@charter.net

PAUL J. JOHNSON pjohnson@diemerwei.com

ALEXANDER J. LEWICKI alewicki@diemerwei.com

KATHRYN S. DIEMER kdiemer@diemerwei.com

DATED: October 28, 2022.

*/s/ Meaghan E. Murphy*
Meaghan E. Murphy, Esq.