Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice*
Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice*
Meaghan E. Murphy, Esq. #102770 – Admitted *Pro Hac Vice*
Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice*
Alexander E. Brody, Esq. #1025332 – Admitted *Pro Hac Vice*
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
T: (305) 358-6363
F: (305) 358-1221
mbudwick@melandbudwick.com
sgenet@melandbudwick.com
mmurphy@melandbudwick.com
gbenezra@melandbudwick.com
abrody@melandbudwick.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re

DOUBLE JUMP, INC.

      Debtor.

Lead Case No.: BK-19-50102-gs
(Chapter 7)

Substantively consolidated with:

| 19-50130-gs | DC Solar Solutions, Inc. |
|---|---|
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

CHRISTINA W. LOVATO,

      Plaintiff,

v.

KING SOLARMAN, INC., CHIANG LIAN CUNG a/k/a MICHAEL CUNG, KING SOLARMAN (INDION) FUND I, LLC, AND KING SOLARMAN (INDION) FUND II, LLC,

      Defendant.

Adversary No.: 21-05028-gs

**TRUSTEE'S MOTION TO COMPEL THE DEPOSITIONS OF DEFENDANTS KING SOLARMAN, INC. AND CHIANG LIAN CUNG A/K/A MICHAEL CUNG**

**Hearing Date: April 21, 2023**
**Hearing Time: 9:30 a.m.**

      Plaintiff Christina Lovato, in her capacity as plaintiff and chapter 7 trustee ("***Trustee***") in the above-captioned adversary proceeding ("***Adversary***"), pursuant to F.R.B.P. 7026 and F.R.B.P. 7037 and L.R. 7037, seeks an order ("***Motion to Compel***") compelling the depositions

1

of Defendants King Solarman, Inc. ("***King Solarman***") and Chiang Lian Cung a/k/a Michael Cung ("***Cung***").

**I.      Background**

1.      On January 22, 2021, the Trustee filed her complaint commencing this Adversary.

2.      On October 4, 2021, after motions to dismiss were ruled on, the Defendants filed their Answer and Affirmative Defenses [ECF No. 82].

3.      On September 14, 2022, the Trustee sent counsel for Cung and King Solarman an email to begin the process of scheduling the depositions of Cung and King Solarman's relevant personal, corporate representative(s) and/or any employees with the most knowledge. A copy of that email is attached as **Exhibit A**. The Trustee received no response.

4.      Since that time, the Trustee has asked many times times for deposition dates and has received none.

5.      For example, on February 1, 2023, the Trustee sent counsel for Cung and King Solarman a letter requesting deposition dates and informing her that if the Trustee did not hear back regarding deposition dates for Cung and King Solarman by February 20, 2023, the Trustee would unilaterally set them. A copy of that letter is attached as **Exhibit B**. The Trustee received no response.

6.      After receiving no deposition dates in response to the February 1 letter, on February 24, 2023, the Trustee sent counsel for Cung and King Solarman a letter attaching notices for deposition for Cung and King Solarman. A copy of that letter is attached as **Exhibit C**.

7.      On March 1, 2023, the Trustee met and conferred with counsel for Cung and King Solarman regarding the noticed depositions. During that meet and confer, counsel for Cung and King Solarman said that she and the deponents would not appear at those depositions, and further, that no alternative deposition dates would be provided. *See* **Exhibit D**.

8.      Accordingly, as a fiduciary in order to save the expenses associated with depositions at which the deponents and counsel stated that they would not appear, the Trustee filed notices of cancellation for each of the depositions. *See* ECF Nos. 141 and 142.

## II.    **Legal Argument**

Discovery rules provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. Rule 30 authorizes a party to take the deposition of "any person," generally without the court's permission. Fed. R. Civ. P. 30(a)(1). Under Rule 37(a)(3)(B)(i), a party may file a motion to compel a deposition if a deponent fails to answer a question asked under Rule 30 or Rule 31. *RG Abrams Ins. V. Law Offices of C.R. Abrams*, 2021 WL 4974049, at *4 (C.D. Cal. Aug. 19, 2021).

Although Rule 37(a)(3)(B)(i) is generally invoked when a deponent refuses to answer a particular question during a deposition, courts in the 9th circuit have granted motions to compel under Rule 37(a)(3)(B)(i) in cases where a deponent failed to attend a noticed deposition. *Id.* Further, although Rule 37(a)(3)(B)(i) is more commonly used to compel the deposition attendance of non-party deponents, courts also have granted motions to compel a party's deposition under Rule 37(a). *Id.*; *see, e.g.*, *Nationstar Mortg. LLC v. Flamingo trails No. 7 Landscape Mait. Ass'n*, 136 F.R.D. 327, 331-34 (D. Nev. 2016) (granting motion to compel deposition).

Here, the Trustee has made repeated efforts over the course of over five months to schedule Defendant-Cung's and Defendant-King Solarman's depositions. However, counsel has refused to participate in that process and have stated that Cung and King Solarman have no intention to sit for any scheduled depositions absent an order from this Court. Therefore, the Trustee requests that this Court enter an order compelling the depositions of Cung and King Solarman within twenty (20) days of the entry of such Order on dates and times that are convenient for counsel for the Trustee.

### **CERTIFICATION OF GOOD FAITH MEET AND CONFER**

In accordance with Local Rule 7037 and F.R.C.P. 26, made applicable to this Adversary Proceeding by F.R.B.P. 7026, I certify that prior to filing this motion, I conferred with counsel for the Defendant in a good faith effort to resolve the issues raised herein without Court action. No resolution was reached.

DATED: March 20, 2023.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.
*Attorney for Plaintiff Christina W. Lovato*

**MELAND BUDWICK, P.A.**

*/s/ Meaghan W. Murphy*
Michael S. Budwick, Esq.
Solomon B. Genet, Esq.
Meaghan E. Murphy, Esq.
Gil Ben-Ezra, Esq.
Alexander E. Brody, Esq.
*Attorneys for Plaintiff Christina W. Lovato*

### CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2023, I caused to be served the following document(s):

**TRUSTEE'S MOTION TO COMPEL THE DEPOSITIONS OF KING SOLARMAN, INC. AND CHIANG LIAN CUNG A/K/A MICHAEL CUNG**

I caused to be served the above -named document(s) as indicated below:

✔ a.  Via ECF to:
(The following is the list of parties who are currently on the list to receive email notice/service for this case.)

ALEXANDER E. BRODY    abrody@melandbudwick.com ltannenbaum@melandbudwick.com ltannenbaum@ecf.courtdrive.com mrbnefs@yahoo.com
MICHAEL S. BUDWICK    mbudwick@melandbudwick.com ltannenbaum@melandbudwick.com ltannenbaum@ecf.courtdrive.com
CHRISTOPHER PATRICK BURKE    attycburke@charter.net
SOLOMON B. GENET    sgenet@melandbudwick.com ltannenbaum@melandbudwick.com ltannenbaum@ecf.courtdrive.com
JEFFREY L HARTMAN    notices@bankruptcyreno.com abg@bankruptcyreno.com
PAUL J. JOHNSON    pjohnson@diemerwei.com
ALEXANDER J. LEWICKI    alewicki@diemerwei.com
CHRISTINA W. LOVATO    trusteelovato@att.net NV26@ecfcbis.com
MEAGHAN E. MURPHY    mmurphy@melandbudwick.com

✔ b.  Via Electronic Mail to:

KATHRYN S. DIEMER kdiemer@diemerwei.com
MICHAEL B. NISHIYAMA mikenishiyamaSF@gmail.com

DATED: March 20, 2023.

*/s/ Meaghan E. Murphy*
Meaghan E. Murphy, Esq.

5

**From:** Meaghan Murphy
**Sent:** Wednesday, September 14, 2022 2:29 PM
**To:** Kathryn Diemer
**Cc:** Alex Brody; Sol Genet
**Subject:** Lovato adv. King Solarman
**Attachments:** FORM - Status Report Pursuant to this Court's Order Directing Submission of Status Report and Setting Status Conference (02870769xA9CE2).DOCX

Katie,

Per the Order Directing Submission of Status Report and Setting Status Conference, the parties are required to meet and confer and file a joint status report by September 28, which is 2 weeks from today. We've drafted the attached for your review, please let us know if you have any comments or proposed revisions so we can timely file it by Sept. 28.

Additionally, we'd like to begin the process of scheduling the deposition(s) of the Defendants' relevant personnel, corporate representative(s) and/or any employees with the most knowledge of the transfers at issue. Please let us know if you have availability next Wednesday or Friday to begin discussing the scheduling process. Thank you.

MEAGHAN MURPHY



MELAND | BUDWICK

3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131

305-358-6363

mmurphy@melandbudwick.com
www.melandbudwick.com
Download  Vcard

**EXHIBIT A**

Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice*
Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice*
Meaghan E. Murphy, Esq. #102770 – Admitted *Pro Hac Vice*
Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice*
Alexander E. Brody, Esq. #1025332 – Admitted *Pro Hac Vice*
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
T: (305) 358-6363
F: (305) 358-1221
mbudwick@melandbudwick.com
sgenet@melandbudwick.com
mmurphy@melandbudwick.com
gbenezra@melandbudwick.com
abrody@melandbudwick.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re

DOUBLE JUMP, INC.

     Debtor.

Lead Case No.: BK-19-50102-gs
(Chapter 7)

Substantively consolidated with:

| 19-50130-gs | DC Solar Solutions, Inc. |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

CHRISTINA W. LOVATO,

     Plaintiff,

v.

_____,

     Defendant(s).

Adversary No.: _____-gs

**STATUS REPORT PURSUANT TO THIS COURT'S ORDER DIRECTING SUBMISSION OF STATUS REPORT AND SETTING STATUS CONFERENCE [ECF NO. \_\_\_\_\_]**

Christina W. Lovato, as chapter 7 trustee and plaintiff ("***Trustee***") in the above-captioned adversary proceeding ("***Adversary***"), together with the above-captioned defendant ("***Defendant***," and with the Trustee, the "***Parties***") provide this status report pursuant to this Court's Order directing submission of status report [ECF No. \_\_\_] which followed this Court's status hearing conducted on August 11, 2022.

1

I.    **Status of Adversary Proceeding**

As reflected on the docket, the Trustee has filed an operative complaint, the Defendant has filed an Answer (which includes affirmative defenses), and the Court has entered a Scheduling Order. The Parties have been in direct communication and have begun the process of written discovery. The Parties have also begun communicating about deposition discovery.

As also reflected on the docket, the Trustee filed a motion for partial summary judgment but has voluntarily withdrawn that motion without prejudice.

II.    **Status Conference**

The Parties do not believe that a status conference is necessary on October 6, 2022. However, the Parties expect that a status conference approximately 45 days from October 6, 2022 will be productive, and request one at that time subject to the Court's availability.

DATED: September 1, 2022.

**HARTMAN & HARTMAN**

*/s/*
Jeffrey L. Hartman, Esq.,
*Attorney for Plaintiff Christina W. Lovato*

**MELAND BUDWICK, P.A.**

*/s/*
Michael S. Budwick, Esq., Admitted Pro Hac Vice
Solomon B. Genet, Esq., Admitted Pro Hac Vice
Meaghan E. Murphy, Esq., Admitted Pro Hac Vice
Gil Ben-Ezra, Esq., Admitted Pro Hac Vice
Alexander E. Brody, Esq., Admitted Pro Hac Vice
*Attorneys for Plaintiff Christina W. Lovato*

[insert defendant]

2

## CERTIFICATE OF SERVICE

I certify that on September 1, 2022, I caused to be served the following document(s):

**STATUS REPORT PURSUANT TO THIS COURT'S ORDER
DIRECTING SUBMISSION OF STATUS REPORT AND SETTING
STATUS CONFERENCE [ECF NO. _____]**

I caused to be served the above-named document(s) as indicated below:

✔ a.  Via ECF to:

✔ b.  Via Direct Email to:

✔ c.  Via U.S. Mail, postage prepaid, addressed to:

I declare under penalty of perjury that the foregoing is true and correct.

DATED: September 1, 2022.

*/s/ Solomon B. Genet, Esq.*
Solomon B. Genet, Esq.

3



## MELAND | BUDWICK
**ATTORNEYS AT LAW**

Meaghan E. Murphy
mmurphy@melandbudwick.com

February 1, 2023

**VIA ELECTRONIC MAIL**
Kathryn S. Diemer kdiemer@diemerwei.com
Paul J. Johnson pjohnson@diemerwei.com
Diemer & Wei, LLP
55 S. Market Street, Suite 1420
San Jose, CA 95113

RE:  ***Christina W. Lovato v. King Solarman, Inc., et al.***, Adv. No. 21-05028-gs
**Your Email dated January 26, 2023.**

Dear Katie:

I write in response to your email dated January 26, 2023, which is attached as **Exhibit 1**.

First, and most importantly, we are very sympathetic to your health. We wish you a speedy recovery and are happy to continue to work with you in a professional manner to accommodate your needs during your recovery process.

Second, we are not holding the stipulation hostage to you providing us dates for King Solarman, Inc.'s and Mr. Cung's depositions. We reached out to you no later than September 14, 2022 to begin scheduling the depositions of the Defendants' relevant personnel, corporate representative(s) and/or any employees with the most knowledge of the transfers at issue. Since then, we have asked you numerous times for dates and have received none.

Third, my colleague Alex Brody wrote you an email on December 30, 2022 explaining the rationale behind including deposition dates in your proposed discovery plan and scheduling order. That email is attached as **Exhibit 2**. To reiterate the point, we feel it would be most productive to include deposition dates in the scheduling order so that we have all discovery-related matters planned, and set, in the discovery plan and scheduling order. Further, given the delay in obtaining deposition dates, we believe that will further ensure that this proceeding stays on track.

Fourth, you may affix my signature to the stipulation and order that you sent us on December 22, 2022 once you correct the deadline for the Defendants to amend the pleadings under 3(b).

Fifth, if we do not hear back from you regarding deposition dates for King Solarman, Inc., Michael Cung, Vincent Chong, any other accountants, and King Solarman, Inc.'s 30(b)(6) witness by February 20, 2023, we will begin to unilaterally set them.

**EXHIBIT B**

Kathryn S. Diemer, Esq.
Diemer & Wei, LLP
February 1, 2023
Page 2

I am happy to discuss anytime.

Sincerely,

*/s/ Meaghan E. Murphy*
Meaghan E. Murphy

cc:    Alexander E. Brody, Esq.

| | |
|---|---|
| **From:** | Kathryn Diemer |
| **To:** | Alex Brody |
| **Cc:** | Michael Budwick; Paul Johnson |
| **Subject:** | stipulation to continue trial dates |
| **Date:** | Thursday, January 26, 2023 9:01:46 PM |

**EXTERNAL EMAIL:**

Dear Mr. Brody and Mr. Budwick:

As you know, I have been unfortunately unwell recently, having been hospitalized a number of times. I understood that the Trustee agreed to stipulate to move the trial dates, per our earlier conversations and emails. I am surprised that you have not yet signed the stipulation, but appear to be holding it hostage to our providing you dates for Mr. Cung's deposition.  Our agreement was not predicated on that  requirement, it was predicated on the fact that I have not been able to pay the full attention required because I was hospitalized.

If you do intend to sign the stipulation by close of business on Monday, please let me know. I can not give you Mr. Cung's availability until later.  Not only do I have to coordinate with Mr. Nishiyama, his personal counsel, but it seems inappropriate to require Mr. Cung's deposition to occur prior to any meaningful turnover of documents, pursuant to our document request.  Please note that if you are unwilling to sign the stipulation by Monday, January 30, 2023, without Mr. Cung's deposition dates being set, we will seek relief from the Court on this matter.

I look forward to hearing from you shortly.

Sincerely,

Kate

Kathryn S. Diemer, Esq.
Diemer & Wei, LLP
55 S. Market Street
Suite 1420
San Jose, CA  95113

Main – 408-971-6270
Direct – 408-506-3507

DUE TO THE CURRENT PANDEMIC, WE ARE PRIMARILY WORKING REMOTELY IN ORDER TO PROTECT EVERYONE IN OUR COMMUNITY.  PLEASE FEEL FREE TO CALL THE DIRECT NUMBER.

**EXHIBIT 1**

| | |
|---|---|
| **From:** | Alex Brody |
| **To:** | Kathryn Diemer |
| **Cc:** | Meaghan Murphy; Michael Budwick; Paul Johnson |
| **Subject:** | RE: proposed stipulation to continue deadlines and proposed order |
| **Date:** | Friday, December 30, 2022 9:45:00 AM |
| **Attachments:** | image001.png |

Hi, Katie-

I am happy to hear that you're getting better, and I hope your upcoming procedure goes well.

Preliminarily, we are ok with the dates proposed in your scheduling order. However, can you please include deposition dates for King Solarman, Inc., Michael Cung, Vincent Chong, and any other accountants? We are relatively flexible in March. If King Solarman, Inc.'s 30(b)(6) witness is Michael Cung, we can do King Solarman, Inc. and Michael Cung on back-to-back days.

We feel it would be most productive to include deposition dates in the order so that we have everything mapped out.

Eric Nyberg is ok with us, please let us know his availability or if you would like me to inquire.

Thank you, and have a happy new year,
Alex


ALEXANDER E. BRODY



MELAND | BUDWICK

3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131

305-358-6363

abrody@melandbudwick.com
www.melandbudwick.com
Download **Vcard**

---

**From:** Kathryn Diemer <kdiemer@diemerwei.com>
**Sent:** Thursday, December 22, 2022 9:23 PM
**To:** Alex Brody <abrody@melandbudwick.com>; Michael Budwick <mbudwick@melandbudwick.com>
**Cc:** Paul Johnson <pjohnson@diemerwei.com>
**Subject:** proposed stipulation to continue deadlines and proposed order

**EXHIBIT 2**

**EXTERNAL EMAIL:**

Dear Alex:

I have attached hereto a copy of the proposed stipulation related to the deadlines, and accompanying proposed order.

I have sought dates from my client, from the accountant, and of course, have forwarded the request for dates to Mr. Nishiyama, Mr. Cung's personal counsel.  I have not yet received full responses.  I will continue to pursue those.

In addition, I hereby propose the following three mediators: Michael Cooper, Eric Nyberg, Michael Isaacs, Lawrence Jacobson, and I would also suggest that we consider asking retired bankruptcy Judge Arthur Weissbrodt.  Information about Mssr.'s Cooper, Nyberg, Isaacs, and Jacobson are all on the Northern District of California Bankruptcy Court's BDRP website with biographical information. Judge Weissbrodt sat on the Northern District of California bankruptcy court bench for two terms. He is currently  retired, but might be willing to so act.

Sincerely,

Katie

## Please note our new address:

**Kathryn S. Diemer, Esq.**
**DIEMER & WEI, LLP**
55 S. Market Street, Suite 1420
San Jose, CA  95113
tel. 408-971-6270
Cell  408-506-3507
kdiemer@diemerwei.com



MELAND | BUDWICK
ATTORNEYS AT LAW

Meaghan E. Murphy
mmurphy@melandbudwick.com

February 24, 2023

**VIA ELECTRONIC MAIL**
Kathryn S. Diemer kdiemer@diemerwei.com
Paul J. Johnson pjohnson@diemerwei.com
Diemer & Wei, LLP
55 S. Market Street, Suite 1420
San Jose, CA 95113

     RE:   *Christina W. Lovato v. King Solarman, Inc., et al.*, Adv. No. 21-05028-gs

Dear Katie:

     First, and most importantly, we hope your health is improving and that your family is well. As we have stated before, we are happy to continue to work with you in a professional manner to accommodate your personal matters.

     Second, we reached out to you no later than September 14, 2022 to begin scheduling the depositions of the Defendants' relevant personnel, corporate representative(s) and/or any employees with the most knowledge of the transfers at issue. Since then, we have asked numerous times for dates and have received none.

     On February 1, 2023, we sent you a letter informing you that if we did not hear back from you regarding deposition dates for King Solarman, Inc., Michael Cung, Vincent Chong, any other accountants, and King Solarman, Inc.'s 30(b)(6) witness by February 20, 2023, we would begin to unilaterally set them. That letter is attached as **Exhibit A**.

     It is now February 24, 2023, and we have yet to hear from you. Attached are deposition notices for the following:

- Michael Cung (notice attached as **Exhibit B**)
- Vincent Chong (notice attached as **Exhibit C**)
- King Solarman, Inc.'s 30(b)(6) witness (notice attached as **Exhibit D**)

     Before we move forward with serving Vincent Chong with a subpoena, please let us know if you will accept service on his behalf.

MELAND | BUDWICK



**EXHIBIT C**

Kathryn S. Diemer, Esq.
Diemer & Wei, LLP
February 24, 2023
Page 2

If you would like to propose alternative dates, please let us know. I am happy to discuss anytime.

Sincerely,

*/s/ Meaghan E. Murphy*
Meaghan E. Murphy

cc:     Paul J. Johnson, Esq.
        Alexander E. Brody, Esq.

MELAND  |  BUDWICK

3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363 F 305-358-1221
MELANDBUDWICK.COM



## MELAND | BUDWICK
### ATTORNEYS AT LAW

Meaghan E. Murphy
mmurphy@melandbudwick.com

February 1, 2023

**VIA ELECTRONIC MAIL**
Kathryn S. Diemer kdiemer@diemerwei.com
Paul J. Johnson pjohnson@diemerwei.com
Diemer & Wei, LLP
55 S. Market Street, Suite 1420
San Jose, CA 95113

RE:    ***Christina W. Lovato v. King Solarman, Inc., et al.*, Adv. No. 21-05028-gs
        Your Email dated January 26, 2023.**

Dear Katie:

I write in response to your email dated January 26, 2023, which is attached as **Exhibit 1**.

First, and most importantly, we are very sympathetic to your health. We wish you a speedy recovery and are happy to continue to work with you in a professional manner to accommodate your needs during your recovery process.

Second, we are not holding the stipulation hostage to you providing us dates for King Solarman, Inc.'s and Mr. Cung's depositions. We reached out to you no later than September 14, 2022 to begin scheduling the depositions of the Defendants' relevant personnel, corporate representative(s) and/or any employees with the most knowledge of the transfers at issue. Since then, we have asked you numerous times for dates and have received none.

Third, my colleague Alex Brody wrote you an email on December 30, 2022 explaining the rationale behind including deposition dates in your proposed discovery plan and scheduling order. That email is attached as **Exhibit 2**. To reiterate the point, we feel it would be most productive to include deposition dates in the scheduling order so that we have all discovery-related matters planned, and set, in the discovery plan and scheduling order. Further, given the delay in obtaining deposition dates, we believe that will further ensure that this proceeding stays on track.

Fourth, you may affix my signature to the stipulation and order that you sent us on December 22, 2022 once you correct the deadline for the Defendants to amend the pleadings under 3(b).

Fifth, if we do not hear back from you regarding deposition dates for King Solarman, Inc., Michael Cung, Vincent Chong, any other accountants, and King Solarman, Inc.'s 30(b)(6) witness by February 20, 2023, we will begin to unilaterally set them.

**EXHIBIT A**

Kathryn S. Diemer, Esq.
Diemer & Wei, LLP
February 1, 2023
Page 2

I am happy to discuss anytime.

Sincerely,

/s/ Meaghan E. Murphy
Meaghan E. Murphy

cc:    Alexander E. Brody, Esq.

MELAND | BUDWICK

3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363 F 305-358-1221
MELANDBUDWICK.COM

| From: | Kathryn Diemer |
|---|---|
| To: | Alex Brody |
| Cc: | Michael Budwick; Paul Johnson |
| Subject: | stipulation to continue trial dates |
| Date: | Thursday, January 26, 2023 9:01:46 PM |

**EXTERNAL EMAIL:**

Dear Mr. Brody and Mr. Budwick:

As you know, I have been unfortunately unwell recently, having been hospitalized a number of times. I understood that the Trustee agreed to stipulate to move the trial dates, per our earlier conversations and emails. I am surprised that you have not yet signed the stipulation, but appear to be holding it hostage to our providing you dates for Mr. Cung's deposition.  Our agreement was not predicated on that  requirement, it was predicated on the fact that I have not been able to pay the full attention required because I was hospitalized.

If you do intend to sign the stipulation by close of business on Monday, please let me know. I can not give you Mr. Cung's availability until later.  Not only do I have to coordinate with Mr. Nishiyama, his personal counsel, but it seems inappropriate to require Mr. Cung's deposition to occur prior to any meaningful turnover of documents, pursuant to our document request.  Please note that if you are unwilling to sign the stipulation by Monday, January 30, 2023, without Mr. Cung's deposition dates being set, we will seek relief from the Court on this matter.

I look forward to hearing from you shortly.

Sincerely,

Kate

Kathryn S. Diemer, Esq.
Diemer & Wei, LLP
55 S. Market Street
Suite 1420
San Jose, CA  95113

Main – 408-971-6270
Direct – 408-506-3507

DUE TO THE CURRENT PANDEMIC, WE ARE PRIMARILY WORKING REMOTELY IN ORDER TO PROTECT EVERYONE IN OUR COMMUNITY.  PLEASE FEEL FREE TO CALL THE DIRECT NUMBER.

**EXHIBIT 1**

| | |
|---|---|
| **From:** | Alex Brody |
| **To:** | Kathryn Diemer |
| **Cc:** | Meaghan Murphy; Michael Budwick; Paul Johnson |
| **Subject:** | RE: proposed stipulation to continue deadlines and proposed order |
| **Date:** | Friday, December 30, 2022 9:45:00 AM |
| **Attachments:** | image001.png |

Hi, Katie-

I am happy to hear that you're getting better, and I hope your upcoming procedure goes well.

Preliminarily, we are ok with the dates proposed in your scheduling order. However, can you please include deposition dates for King Solarman, Inc., Michael Cung, Vincent Chong, and any other accountants? We are relatively flexible in March. If King Solarman, Inc.'s 30(b)(6) witness is Michael Cung, we can do King Solarman, Inc. and Michael Cung on back-to-back days.

We feel it would be most productive to include deposition dates in the order so that we have everything mapped out.

Eric Nyberg is ok with us, please let us know his availability or if you would like me to inquire.

Thank you, and have a happy new year,
Alex

ALEXANDER E. BRODY



MELAND | BUDWICK

3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131

305-358-6363

abrody@melandbudwick.com
www.melandbudwick.com
Download **Vcard**

---

**From:** Kathryn Diemer <kdiemer@diemerwei.com>
**Sent:** Thursday, December 22, 2022 9:23 PM
**To:** Alex Brody <abrody@melandbudwick.com>; Michael Budwick <mbudwick@melandbudwick.com>
**Cc:** Paul Johnson <pjohnson@diemerwei.com>
**Subject:** proposed stipulation to continue deadlines and proposed order

**EXHIBIT 2**

EXTERNAL EMAIL:

Dear Alex:

I have attached hereto a copy of the proposed stipulation related to the deadlines, and accompanying proposed order.

I have sought dates from my client, from the accountant, and of course, have forwarded the request for dates to Mr. Nishiyama, Mr. Cung's personal counsel.  I have not yet received full responses.  I will continue to pursue those.

In addition, I hereby propose the following three mediators: Michael Cooper, Eric Nyberg, Michael Isaacs, Lawrence Jacobson, and I would also suggest that we consider asking retired bankruptcy Judge Arthur Weissbrodt.  Information about Mssr.'s Cooper, Nyberg, Isaacs, and Jacobson are all on the Northern District of California Bankruptcy Court's BDRP website with biographical information.  Judge Weissbrodt sat on the Northern District of California bankruptcy court bench for two terms.  He is currently  retired, but might be willing to so act.

Sincerely,

Katie

## Please note our new address:

**Kathryn S. Diemer, Esq.**

**DIEMER & WEI, LLP**

55 S. Market Street, Suite 1420

San Jose, CA  95113

tel. 408-971-6270

Cell  408-506-3507

kdiemer@diemerwei.com

Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice*
Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice*
Meaghan E. Murphy, Esq. #102770 – Admitted *Pro Hac Vice*
Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice*
Alexander E. Brody, Esq. #1025332 – Admitted *Pro Hac Vice*
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
T: (305) 358-6363
F: (305) 358-1221
mbudwick@melandbudwick.com
sgenet@melandbudwick.com
mmurphy@melandbudwick.com
gbenezra@melandbudwick.com
abrody@melandbudwick.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re | Lead Case No.: BK-19-50102-gs (Chapter 7) |
|---|---|
| DOUBLE JUMP, INC. | |
| Debtor. | Substantively consolidated with: |

| 19-50130-gs | DC Solar Solutions, Inc. |
|---|---|
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

CHRISTINA W. LOVATO,

     Plaintiff,

v.

KING SOLARMAN, INC., CHIANG LIAN CUNG a/k/a MICHAEL CUNG, KING SOLARMAN (INDION) FUND I, LLC, AND KING SOLARMAN (INDION) FUND II, LLC,

     Defendant.

Adversary No.: 21-05028-gs

**NOTICE OF TAKING RULE 7030 VIDEOTAPED DEPOSITION OF MICHAEL CUNG**

     NOTICE IS HEREBY GIVEN that Meland Budwick, P.A., attorneys for Christina Lovato, the duly appointed and acting chapter 7 trustee ("***Trustee***"), pursuant to *Fed. R. Civ. P.* 30 and *Fed. R. Bankr. P.* 7030 and Local Rule 7030-2, will take the deposition of the following person under oath at the date, time, and place set forth below:

1

**EXHIBIT B**

| EXAMINEE | LOCATION | DATE AND TIME |
|---|---|---|
| Michael Cung | **Veritext Legal Solutions** (Veritext Zoom Videoconference) Meeting ID# and password will be provided by Veritext prior to the examination | Tuesday, March 14, 2023 at 10:00 a.m. PT |

This deposition is being conducted pursuant to *Fed. R. Civ. P.* 30, made applicable to this adversary proceeding by *Fed. R. Bankr. P.* 7030, and Local Rule 7030-2, and will be taken before a certified court reporter or some other notary public or officer authorized to record the testimony and will be videotaped. If the deponent requires an interpreter, it is deponent's responsibility to engage the employment of such interpreter to be present at the deposition. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Federal Rules of Bankruptcy Procedure and other applicable law, and shall continue from day to day, on dates mutually convenient, until completed. The scope of the deposition shall be as described in *Fed. R. Civ. P.* 26(b).

NOTICE IS FURTHER GIVEN that we reserve the right to conduct this deposition virtually, utilizing the secure web-based deposition option afforded by Veritext or in the alternative video teleconferencing (VTC) services offered by Veritext ("Web Deposition") or telephonically only to provide remote access for those parties wishing to observe the deposition via the internet and/or telephone. Also take notice that, the court reporter may also be remote via one of the options above for the purposes of reporting the proceeding and may or may not be in the presence of the deponent. In addition, we also reserve the right to utilize instant visual display technology such that the court reporter's writing of the proceeding will be displayed simultaneously to their writing of same on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

Dated: February 24, 2023.

*/s/ Meaghan E. Murphy*
Meaghan E. Murphy, Esq.,
Attorney for Christina Lovato, Trustee

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2023, I caused to be served the following document(s):

**NOTICE OF TAKING RULE 7030 VIDEOTAPED DEPOSITION OF MICHAEL CUNG**

I caused to be served the above -named document(s) as indicated below:

✔ a.   Via Electronic Mail to:

CHRISOPHER PATRICK BURKE attycburke@charter.net

PAUL J. JOHNSON pjohnson@diemerwei.com

ALEXANDER J. LEWICKI alewicki@diemerwei.com

KATHRYN S. DIEMER kdiemer@diemerwei.com

MICHAEL B. NISHIYAMA mikenishiyamaSF@gmail.com

DATED: February 24, 2023.

*/s/ Meaghan E. Murphy*
Meaghan E. Murphy, Esq.

3

Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice*
Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice*
Meaghan E. Murphy, Esq. #102770 – Admitted *Pro Hac Vice*
Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice*
Alexander E. Brody, Esq. # 1025332 – Admitted *Pro Hac Vice*
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
T: (305) 358-6363
F: (305) 358-1221
mbudwick@melandbudwick.com
sgenet@melandbudwick.com
mmurphy@melandbudwick.com
gbenezra@melandbudwick.com
abrody@melandbudwick.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re

DOUBLE JUMP, INC.

      Debtor.

Lead Case No.: BK-19-50102-gs
(Chapter 7)
Substantively Consolidated with:

| 19-50130-gs | DC Solar Solutions, Inc. |
|---|---|
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

CHRISTINA W. LOVATO,

      Plaintiff,

v.

SANDRA SARKISSIAN, SUCCESSOR
TRUSTEE OF THE SAM SARKISSIAN
AND SANDRA SARKISSIAN LIVING
TRUST DATED SEPTEMBER 4, 1997,

      Defendant.

Adversary No.: 21-05026-gs

**NOTICE OF ISSUANCE OF SUBPOENA
TO TESTIFY AT A DEPOSITION IN A
BANKRUPTCY CASE (OR ADVERSARY
PROCEEDING) ON VINCENT CHONG**

**TO: ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45(a)(4), Meland Budwick,

P.A., attorneys for Christina Lovato, the duly appointed and acting chapter 7 trustee ("***Trustee***"),

1

**EXHIBIT C**

intends to serve a Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding) Vincent Chong in the form attached as Exhibit 1.

DATED: February 24, 2023.

/s/
Alexander E. Brody, Esq.,
Attorney for Christina Lovato, Trustee

**CERTIFICATE OF SERVICE**

I certify that on February 24, 2023, I caused the document listed below to be served:

**NOTICE OF ISSUANCE OF SUBPOENA TO TESTIFY AT A DEPOSITION
IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING) ON
GREGORY SARKISSIAN**

I caused to be served the above-named document(s) as indicated below:

✔  a.   Via Email Service to:

ALEXANDER E. BRODY abrody@melandbudwick.com,

ltannenbaum@melandbudwick.com;ltannenbaum@ecf.courtdrive.com ;

mrbnefs@yahoo.com

LOUIS M. BUBALA lbubala@kcnvlaw.com mmarsh@kcnvlaw.com

cbrimm@kcnvlaw.com

MICHAEL S. BUDWICK   mbudwick@melandbudwick.com,

ltannenbaum@melandbudwick.com;ltannenbaum@ecf.courtdrive.com

SOLOMON B. GENET     sgenet@melandbudwick.com

ltannenbaum@melandbudwick.com ltannenbaum@ecf.courtdrive.com

JEFFREY L. HARTMAN    notices@bankruptcyreno.com,

abg@bankruptcyreno.com

AUGUST B. HOTCHKIN    ahotchkin@kcnvlaw.com

CHRISTINA W. LOVATO     trusteelovato@att.net, NV26@ecfcbis.com

MICHAEL B. NISHIYAMA mikenishiyamaSF@gmail.com

Dated: February 24, 2023.

**MELAND BUDWICK, P.A.**

*/s/ Alexander A. Brody*
Alexander A. Brody, Esq.

3

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (15/15)

# UNITED STATES BANKRUPTCY COURT

### District of Nevada

| | |
|---|---|
| In re<br><br>DOUBLE JUMP, INC.<br><br>       Debtor. | Lead Case No.: BK-19-50102-gs<br>(Chapter 7)<br><br>Substantively consolidated with: |

| 19-50130-gs | DC Solar Solutions, Inc. |
|---|---|
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

| | |
|---|---|
| CHRISTINA W. LOVATO,<br><br>       Plaintiff,<br><br>v.<br><br>SANDRA SARKISSIAN, SUCCESSOR TRUSTEE OF THE SAM SARKISSIAN AND SANDRA SARKISSIAN LIVING TRUST DATED SEPTEMBER 4, 1997,<br><br>       Defendant. | Adversary No.: 21-05026-gs<br><br>**SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)** |

TO: Vincent Chong

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE: | DATE AND TIME: |
|---|---|
| **Veritext Legal Solutions (Zoom Videoconference)**<br>Meeting ID# and password will be provided by Veritext prior to the deposition | Wednesday, March 15, 2023 at 10:00 a.m. PT |

The deposition will be recorded by this method: **Veritext Zoom Videoconference**

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material.

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 24, 2023.          CLERK OF COURT          OR

                         _____          *s/*_____
                         *Signature of Clerk of Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *Christina Lovato, Chapter 7 Trustee*, who issues or requests this subpoena, is: Alexander E. Brody, Esquire, **Florida Bar No. 1025332**, abrody@melandbudwick.com MELAND BUDWICK, P.A., 3200 Southeast Financial Center, 200 South Biscayne Boulevard, Miami, Florida  33131, Telephone: (305) 358-6363, Telecopy: (305) 358-1221.

---

**Notice to the person who issues or requests this subpoena**          **EXHIBIT 1**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows:


☐ I returned the subpoena unexecuted because:  _____

_____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $_____.

        I declare under penalty of perjury that this information is true and correct.

Date:  February 24, 2023.

_____
*s/*
*Server's signature*

_____
Alexander E. Brody, Attorney
*Printed name and title*

_____
200 S. Biscayne Blvd., Suite 3200, Miami, FL 33131
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

| | |
|---|---|
| Jeffrey L. Hartman, Esq.<br>Nevada Bar No. 1607<br>**HARTMAN & HARTMAN**<br>510 W. Plumb Lane, Suite B<br>Reno, NV 89509<br>T: (775) 324-2800<br>F: (775) 324-1818<br>notices@bankruptcyreno.com | Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice*<br>Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice*<br>Meaghan E. Murphy, Esq. #102770 – Admitted *Pro Hac Vice*<br>Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice*<br>Alexander E. Brody, Esq. #1025332 – Admitted *Pro Hac Vice*<br>**MELAND BUDWICK, P.A.**<br>3200 Southeast Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>T: (305) 358-6363<br>F: (305) 358-1221<br>mbudwick@melandbudwick.com<br>sgenet@melandbudwick.com<br>mmurphy@melandbudwick.com<br>gbenezra@melandbudwick.com<br>abrody@melandbudwick.com |

Attorneys for Christina W. Lovato, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>DOUBLE JUMP, INC.<br><br>      Debtor. | Lead Case No.: BK-19-50102-gs<br>(Chapter 7)<br><br>Substantively consolidated with: |

| 19-50130-gs | DC Solar Solutions, Inc. |
|---|---|
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

| | |
|---|---|
| CHRISTINA W. LOVATO,<br><br>      Plaintiff,<br><br>v.<br><br>KING SOLARMAN, INC., CHIANG LIAN CUNG a/k/a MICHAEL CUNG, KING SOLARMAN (INDION) FUND I, LLC, AND KING SOLARMAN (INDION) FUND II, LLC,<br><br>      Defendant. | Adversary No.: 21-05028-gs<br><br>**NOTICE OF TAKING RULE 7030 VIDEOTAPED DEPOSITION OF KING SOLARMAN, INC.** |

     NOTICE IS HEREBY GIVEN that Meland Budwick, P.A., attorneys for Christina Lovato, the duly appointed and acting chapter 7 trustee ("***Trustee***"), pursuant to *Fed. R. Civ. P.* 30(b)(6) and *Fed. R. Bankr. P.* 7030 and Local Rule 7030-2, will take the deposition of the person(s) designated by King Solarman, Inc., concerning the topics on the attached "**Exhibit 1**"

1

**EXHIBIT D**

via videoconference, under oath at the date, time, and place set forth below:

| EXAMINEE | LOCATION | DATE AND TIME |
|---|---|---|
| Person(s) designated by King Solarman, Inc. | **Veritext Legal Solutions** (Veritext Zoom Videoconference) Meeting ID# and password will be provided by Veritext prior to the examination | Tuesday, March 21, 2023 at 10:00 a.m. PT |

This deposition is being conducted pursuant to *Fed. R. Civ. P.* 30(b)(6), made applicable to this adversary proceeding by *Fed. R. Bankr. P.* 7030, and Local Rule 7030-2, and will be taken before a certified court reporter or some other notary public or officer authorized to record the testimony and will be videotaped. If the deponent requires an interpreter, it is deponent's responsibility to engage the employment of such interpreter to be present at the deposition. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Federal Rules of Bankruptcy Procedure and other applicable law, and shall continue from day to day, on dates mutually convenient, until completed. The scope of the deposition shall be as described in *Fed. R. Civ. P.* 26(b).

NOTICE IS FURTHER GIVEN that we reserve the right to conduct this deposition virtually, utilizing the secure web-based deposition option afforded by Veritext or in the alternative video teleconferencing (VTC) services offered by Veritext ("Web Deposition") or telephonically only to provide remote access for those parties wishing to observe the deposition via the internet and/or telephone. Also take notice that, the court reporter may also be remote via one of the options above for the purposes of reporting the proceeding and may or may not be in the presence of the deponent. In addition, we also reserve the right to utilize instant visual display technology such that the court reporter's writing of the proceeding will be displayed simultaneous to their writing of same on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

Dated: February 24, 2023.

*/s/ Meaghan E. Murphy*
Meaghan E. Murphy, Esq.,
Attorney for Christina Lovato, Trustee

2

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2023, I caused to be served the following document(s):

### NOTICE OF TAKING RULE 7030 VIDEOTAPED DEPOSITION OF
### KING SOLARMAN, INC.

I caused to be served the above -named document(s) as indicated below:

✔  a.   Via Electronic Mail to:

CHRISOPHER PATRICK BURKE attycburke@charter.net

PAUL J. JOHNSON pjohnson@diemerwei.com

ALEXANDER J. LEWICKI alewicki@diemerwei.com

KATHRYN S. DIEMER kdiemer@diemerwei.com

MICHAEL B. NISHIYAMA mikenishiyamaSF@gmail.com

DATED: February 24, 2023.

/s/ Meaghan E. Murphy
Meaghan E. Murphy, Esq.

## **EXHIBIT 1**

### **TOPICS**
(all capitalized terms are defined below)

1.      Your relationship with DC Solar.

2.      Your vendor relationship with DC Solar.

3.      Your relationship with Jeff Carpoff.

4.      Your relationship with Michael Cung.

5.      Your business relationship, including transactions, with J&C Consulting, Inc.

6.      Payments from DC Solar to King Solarman from CY 2014 – CY 2018.

7.      Payments from King Solarman to J&C Consulting, Inc. related to the payments in topic number 6 above.

8.      Agreements between Jeff Carpoff (including any entity he is affiliated with) and Michael Cung (including any entity he is affiliated with).

9.      Your business relationship, including transactions, with Hansen Management & Consulting, LLC.

10.      Your relationship with Alan Hansen.

11.      Any work performed for You by Vincent Chong.

12.      Your business relationship, including transactions, with Efficient Energy Distribution, Inc.

13.      Your business relationship, including transactions, with YT International.

4

## **EXHIBIT 2**

### **Definitions**

1. All references to any Person (as defined below) shall have the broadest possible interpretation, including all persons and entities, and includes his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity or Representative (as defined below) acting or purporting to act on behalf or under his/her control.

2. All references to the singular include the plural, and vice versa.

3. The connectives "***and***" and "***or***" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. "***DC Solar***" shall mean DC Solar Solutions, Inc. ("***DCSS***"), DC Solar Distribution, Inc. ("***DCSD***"), DC Solar Freedom, Inc. ("***DCSF***") and Double Jump, Inc. ("***DJ***").

5. "***Including***" means including but not limited to.

6. "***Related to***," in any tense or for any derivation thereof, means tending to be association with either in logic or reason, should be interpreted as broadly as possible, and includes but is not limited to (in any tense or derivation) pertaining, referencing, regarding, concerning, describing, mentioning, constituting, concerning, supporting, corroborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverts or contradicts.

7. "***Representative***" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the Person in question.

8. "***You***" or "***Your***" or "***King Solarman***" refers to King Solarman, Inc., including its employees, agents, contractors, subsidiaries, parent company, affiliated companies, and other persons acting or purporting to act on Your behalf, including Your Representative.

5

**From:** Alex Brody
**Sent:** Friday, March 10, 2023 1:01 PM
**To:** Kathryn Diemer; Paul Johnson
**Cc:** Meaghan Murphy
**Subject:** Christina W. Lovato v. King Solarman, Inc., et al., Adv. No. 21-05028-gs

**Follow Up Flag:** Copied to Worldox (Email\4290\4290-74\02956386.MSG)

Hi, Katie and Paul-

I hope all is well.

On our call on March 1, you said that you and the deponents will not appear at the depositions currently noticed for March 14 and March 23. You also declined to provide alternative dates. Because the Trustee is a fiduciary and does not want the estate to incur unnecessary expenses, we are going to file a notice of cancellation for each. We will seek judicial intervention to compel those depositions.

I sent you an email yesterday stating that we are not available on April 6 for a hearing on your motion to compel. Please advise if you agree to continue the hearing to April 20. If we do not hear back from you, we will file a motion.

Further, to accommodate the April 20 hearing date and the depositions, we ask your agreement to amend the scheduling order. Please advise by Tuesday, March 14, or we will assume that you do not agree.

Thank you,
Alex


ALEXANDER E. BRODY



MELAND | BUDWICK

3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131

305-358-6363

abrody@melandbudwick.com
www.melandbudwick.com
Download  Vcard

1

**EXHIBIT D**